### JOHN McDONALD AND GEORGE HARPER v. STATE.

#### No. 2181. Decided January 15, 1913.

**1.—Burglary—Venue—Statutes Construed.**

Article 938, Code Criminal Procedure, requires that this court shall presume that the venue is proven in the court below unless it is made an issue in the court below, and it affirmatively appears to the contrary by proper bill of exceptions, and in the absence of such bill, there is nothing to review.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, there was no error.

**3.—Same—Charge of Court—Exculpatory Admissions.**

Where, upon appeal from a conviction of burglary, it appeared from the record that no exculpatory confessions were introduced in evidence by the State, there was no error in the court's failure to charge thereon; besides, this point is not presented by appellant's brief.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice S. Tiernan,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellants were jointly indicted for burglarizing a car on the I. & G. N. Railroad alleged to be in the possession of the Conductor Englehart. They were both convicted, the jury assessing their penalty at two years confinement in the penitentiary ,and the court so adjudged.

The appellants assign and present in their brief only four assignments of error. They are to the effect that the verdict of the jury is contrary to the evidence and not sustained by it; that the evidence is insufficient to prove the venue of the offense in Harris County as alleged; that the evidence is insufficient to show that Englehart, who was alleged to be in possession of the burglarized car, was in control and occupancy thereof at the time of the burglary, and that there is an entire lack of evidence to show when and where the said car was broken into and entered by appellants.

As to appellants' contention that the venue was not proven, the statute requires that this court shall presume that the venue was proven in the court below, unless it was made an issue in the court below, and it affirmatively appears to the contrary by bill of exceptions properly signed and allowed by the judge of the court below. Art. 938, C. C. P. As there is no bill allowed by the judge in the court below on this point, we must presume that the venue was proven, and we might properly decline to pass upon that question, but, in considering the evidence in the case, we think it is affirmatively shown by the testimony that the venue was proven on the trial.

In passing upon appellants other assignments it is necessary to give only a brief statement of the evidence, which is clear and uncontradicted. It shows that on April 24, 1912, Mistrot Brothers shipped from Galveston to W. J. Mann & Company at Sellars, a station on the I. & G. N. Railroad Company, in Harris County, a bill of goods in two boxes, one a case of notions and the other a case of shoes, the value of which was more than four hundred dollars. Appellants agreed that the goods found in their possession, as hereinafter shown, and which checked short at destination, were included in both the duplicate original invoice and the receipt from the railroad company shown by the bill of lading therefor, and that said goods were the same goods found in their possession on the night of April 25th. Each appellant is shown to have made a written confession voluntarily and freely, which was proven up and introduced in evidence. That of the appellant McDonald is as follows:

"I, John McDonald, having been first duly sworn by John H.

Crooker, the person to whom this statement is made, (1) that I do not have to make any statement at all, and (2) that any statement I may make may be used against me on the final trial of this case in which I stand charged with the burglary of a box car, and the theft of a quantity of merchandise from it, make the following voluntary statement, to-wit:

"My name is John McDonald and I am 26 years of age. On or about the 25th of April, 1912, George Harper, whom I have known for about a year, and I were together at Frank Boss' pool room, and Frank Boss told us if we wanted something to do, he would give us some money to hire a team with and send a man with us to show where there were some box cars which we could break open and get some shoes and clothes which he would buy from us.

"On April 26th about 3 o'clock p. m. we went to Boss' place and he gave George Harper and myself $5 in silver to hire a team with, and he sent a man with us to show where the cars were located. Harper and myself proceeded to the Denver Livery Stable on Preston Ave., and we hired a double team, the man who Boss had said would go with us, and with whom we had discussed the matter, following us on·foot to the livery stable, and he told us when we got the team to drive back by Boss' place but not to stop, which we did, and he followed us in a buggy out the Montgomery Road until it got dark, when the man in the buggy got ahead of us and led the way out to a place near Spring. When we got about a mile this side of the place where the cars were located we stopped at the suggestion of the man in the buggy, and unhitched the mules and tied them to the wheels of the wagon, where we left them, and we all three got in the buggy and proceeded about a mile further when we reached the place where there were a number of box cars on some side track, and the man who had come out in the buggy stayed with the buggy about a hundred feet from the box cars and watched while we went over to the string of box cars and broke about five or six cars open looking for one with some shoes or clothes in it, as both Boss and the man whom he had sent with us told us not to get anything but shoes or clothes. We at last found a car in which were some boxes which we thought contained shoes and clothes, which we entered by pulling some boards off of one side which were nailed across the door. Harper took one box and I took a box and we took them to the buggy where we found the man waiting for us and we placed the two boxes in the buggy and we all three got in and drove to the place where we had left the wagon and mules and we put the two boxes in the wagon and hitched the mules up again and the man in the buggy led the way back to town, and we followed, but as our team were tired out he got way ahead of us, and we come on in toward town until about four miles out on the Montgomery Road, where we were met by City Detective Geo. Peyton, who placed us under arrest. Frank Boss told us before we started that to take the stuff which we stole to wherever the man whom he sent

with us told us to, and that he would pay us for it. Before the man in the buggy had left us he told us to take the stuff to No. 92 Gable Street, which address he wrote on a card with a lead pencil.

(Signed)  John McDonald.''

It is unnecessary to copy that of the appellant Harper; it is substantially the same as to all the material facts, though not as full as that of McDonald just above copied.

The car of said railroad company in which the said goods were placed, in the shipment from Galveston, was identified clearly by the testimony, and the train in which the car was placed was in the possession and custody of said Englehart, who was in charge of the train and cars which left Houston on the morning of April 25, 1912, and carried by him to Sellars in Harris county. That after he reached Sellars with this car and his train; the goods in the car were checked, and these two cases of goods were found to be short. Peyton, who was a detective it seems for the railroad company, but whether he was or not, it was shown that he met the appellant some five or six miles out of Houston coming into Houston about the 25th or 26th of April, 1912, with these two boxes of goods. They told him where they had gotten the goods out of the car. They undertook to take him back and identify the car and place at Sellars where they had burglarized it. They told him that at the time they burglarized it the car was on the I. & G. N. track near Sellars. The goods that they had when met by this witness were taken and thoroughly identified as the goods stolen from said car. They told another witness that they got these goods about 16 or 17 miles out from Houston. By another witness it was shown that the north county line of Harris county where the said railroad runs is 24½ miles from Houston, and that the station of Sellars is a mile south of the station of Spring, and that the county line of Harris county was two miles and a half north of Sellars, and a mile and a half north of Spring.

We have read and considered carefully the whole statement of facts. We are of the opinion therefrom that none of appellants' assignments are sustained, but the record in every way sustains the verdict and the conviction, and that the venue was clearly proven in Harris County, and that Englehart, the conductor in charge of the train of which this car was a part, was in possession and control at the time of the burglary.

The only other assignment appellants make is a complaint of the charge of the court to the effect that if there were any statements in the confession introduced in evidence tending to prove the innocence of the defendants, or either of them, that such statements were presumed to be true, and the State was bound by them unless they were disproved by other evidence in the case. This assignment is not presented by appellants in their brief. We presume that upon consideration thereof they determined there was no merit whatever therein. This assignment in no way attempts to show that there were any state-

ments in the confessions tending to prove their innocence which would call for such a charge as they complain should have been given. We find no such statements in the confessions, and hence no charge was required thereon.

There being no error the judgment will be affirmed.

*Affirmed.*